RICHARD C. HAWKINS *against* MORE, Probate Judge.

If a writ of mandamus is defective in substance, it may be quashed on motion.
And such motion may be made after the defendant has made his return upon the writ.
Great strictness is required in issuing a writ of mandamus. It must not be enlarged, nor can it be limited within narrower bounds than the Court directs. A variance in substance, changing its character as to the act required to be done, will be fatal.
Where the order of Court was for a mandamus, directing the Probate Judge " to desist from proceeding to adjudicate upon the matter of a particular estate," and the writ commanded him to desist from any further proceeding against the administrator on a citation requiring him to file his accounts for settlement, and from any further proceedings in relation to the matter of the settlement, the variance was fatal.

On the 14th day of February, 1840, Richard C. Hawkins presented to the Chief Justice and one of the Associate Judges of the Supreme Court, his petition, supported by affidavit, for a mandamus, in substance as follows:

"Your petitioner, Richard C. Hawkins, in his capacity of administrator, with the will and codicil annexed, of Alexander Burton, dec'd, represents, that the said Alexander Burton having heretofore departed this life, testate, and having, by his last will and testament, and the codicil thereto, duly proved and admitted to record, appointed Elias N. Conway and Elijah A. More executors of his last will and testament and the codicil thereto; and the said Elias N. Conway and Elijah A. More having both declined taking upon themselves the burthen of said executorship, letters of administration on the estate of said Alexander Burton, with the will and codicil annexed, were, on the seventeenth day of July, A. D. 1838, in due form of law, by the County Court of Pulaski, in the State of Arkansas, sitting as a Court of Probate, through the clerk thereof, in vacation, granted to your petitioner, who thereupon, having complied with all the requisites of law, became such administrator, and took upon himself the burthen of said administration, and thence hath continued to be, and still is, such administrator; which said letters of administration are herewith submitted, marked (A), and prayed to be taken as part of this petition.

"And your petitioner further represents, that on the same day when your petitioner so obtained said letters, as aforesaid, it was agreed by

44

and between your petitioner and said Elijah A. More, that, in consideration that your petitioner would take upon himself the burthen of said administration, and so enable the said More to avoid the burthen of said executorship, the said More should be employed by your petitioner, in his said capacity of administrator, as the attorney of said estate, (the said Elijah A. More being then an attorney at law, practising in the courts of this State); and your petitioner then employed and retained the said Elijah A. More as the attorney of said estate, which retainer and employment was to continue until the close of said administration. And it was then contracted and agreed, by and between your petitioner, as such administrator, and the said Elijah A. More, that he, the said More, should be and become the attorney for said estate, generally; and the said More was then, by your petitioner, as such administrator, retained and employed as such attorney for said estate; and it was further contracted and agreed, by and between the said More and your petitioner, that the said More should act as such attorney for such estate, in all matters belonging to the personal property of said estate, and in every thing necessary and requisite to the management of the same, until the full end and close of said administration; for which your petitioner should pay to him, the said More, the sum of one hundred dollars, in full compensation therefor.

"And your petitioner represents, that on the day following, to wit, on the 18th day of July, A. D. 1838, your petitioner paid to said More the sum of fifty dollars, as part of said fee, and the said More received and receipted for the same, and then entered upon the performance of his duties as such attorney; which receipt of said Elijah A. More is herewith exhibited, marked (B), and prayed to be taken as part of this petition.

"Your petitioner further represents, that, subsequent to such retainer and employment by your petitioner of said More, he, the said Elijah A. More, was elected and commissioned presiding judge of the county court and judge of probate for said county of Pulaski, which office he still holds; and your petitioner represents, that, on the twenty-fifth day of December, A. D. 1839, by the order of said Elijah A. More, as such judge of probate, a citation issued from said court of probate, whereby your petitioner, as such administrator, was required to appear

Hawkins *against* More.

before said probate court, and exhibit his accounts as such administrator to said court for settlement, on the second Tuesday of January, A. D. 1840; which said citation was lately served upon your petitioner; all which will appear by a copy of said citation, herewith exhibited, marked (C), and prayed to be taken as part of this petition.

"Your petitioner further represents, that being advised and believing that the said Elijah A. More, on account of his retainer and employment, and the acceptance thereof, was and is incompetent to sit in said matter, or in any manner to make settlement of said estate, your petitioner has not appeared in obedience to said citation, and respectfully informed said Elijah A. More, in writing, that he, your petitioner, *did not consider him* competent to sit in said matter, or in any way to take cognizance thereof.

"Yet the said Elijah A. More is publicly threatening to vacate the said letters of your petitioner, and annul them on account of his said failure; and your petitioner is well advised and believes that he will do so, and adjourn immediately thereafter, so as to prevent the taking of an appeal from his decision, and further to harass and vex your petitioner; and the said Elijah A. More, as such judge of probate, is intending to take cognizance of said matter of settlement of said estate, and to enforce and adjudicate upon said settlement, and in disregard of law and his duty.

"Wherefore, your petitioner prays your Honors to grant him an alternative writ of mandamus, directed to said Elijah A. More, as such judge of probate, commanding the said Elijah A. More, as such judge of probate, to certify said matter of settlement to the Governor of this State, and to desist, as such judge of probate, from any further proceeding on the matter of said estate, or to show cause on a day certain to the contrary; to the end that, by the proper authority, a competent tribunal may be appointed and constituted, if none already exists, before which your petitioner can make a valid and legal settlement, which he is ever ready and willing to do. And your petitioner will ever pray."

Upon this petition, on the same day, the Chief Justice and Associate Judge endorsed the following order:

"Upon hearing the foregoing petition, and the application of Richard

C. Hawkins, founded thereon, for a writ of mandamus, to be addressed to Elijah A. More, judge of the court of probate in and for the county of Pulaski, in the State of Arkansas; and upon consideration thereof, it is hereby ordered that a writ of mandamus issue, to the said Elijah A. More, as judge of said court of probate, commanding him, as such judge of said court of probate, to certify the matter of the settlement of the accounts of the administration of the estate of Alexander Burton, deceased, with the will annexed, to the Governor of this State, as a case pending for adjudication in said court of probate, in which he is alleged to have been of counsel for the said administration, on the part of the administration thereof; and to desist from proceeding to adjudicate upon the matter of said estate, or that he appear before the Supreme Court of said State, at the Court-house in the city of Little Rock, in Pulaski county, in said State, on Monday, the 17th day of February, A. D. 1840, and then and there show by what authority he takes cognizance of, and adjudicates upon, the matter of the settlement of the accounts of the administrator of said estate. And the Clerk of said Supreme Court is hereby directed to issue said writ."

Upon this order, the following writ of mandamus issued:

PULASKI, *Sct.*

The State of Arkansas, to the Hon. Elijah A. More, Judge of the Court of Probate of Pulaski county, in said State—*Greeting:*

Whereas, it hath been represented to us in our Supreme Court, in and for said State, by Richard C. Hawkins, as administrator, with the will and codicil annexed, of the estate of Alexander Burton, deceased, that you, as such judge of probate, cited him, the said Richard C. Hawkins, to appear before you in said court of probate of Pulaski county, to make settlement of his accounts as such administrator; and that you, as such judge of probate, are about to proceed and adjudicate upon and make settlement of such estate, and to vacate the letters of administration on said estate, with the will and codicil annexed, to said Richard C. Hawkins heretofore granted, for his failure and refusal to appear and make settlement in obedience to said citation: And whereas, it is also, by said Richard C. Hawkins, to us in our said Supreme Court represented, that you, the said Elijah A. More, were, on the seventeenth day of July, 1838, and before you were elected

Hawkins *against* More.

and commissioned as such judge of probate, by the said Richard C. Hawkins, as such administrator, retained and employed as attorney for said estate, and that you did then accept said retainer and employment, and that he, the said Hawkins, did, on the eighteenth day of July, 1838, as such administrator, pay to you, and you, the said Elijah A. More, did, on said last mentioned day, accept and receive from him, the said Richard C. Hawkins, as such administrator, the sum of fifty dollars, as your fee in part for services by you rendered, and to be thereafter rendered, as attorney for said estate; and that you did then act as such attorney in the management of said estate, whereby you are, by the law of the land, incompetent to sit, act, and adjudicate as such judge of probate, in the matter of the settlement of said estate.

You are therefore commanded, and strictly required, that you do forthwith proceed to certify to the Governor of said State of Arkansas, in accordance with the provisions of the Constitution of said State, that you are so disqualified from acting and adjudicating in the matter of the settlement of said estate, to the end that a special judge may be by him commissioned, to make settlement of said estate; and you are moreover commanded, and strictly enjoined, that you utterly desist from any further proceedings against said Hawkins, upon said citation, and from any further in regard to the matter of the settlement of said estate; or else that you show cause to our said Supreme Court, on Monday, the seventeenth day of February, instant, at the present Court-house in the city of Little Rock, why you should not obey the mandate aforesaid, and by what authority you, as such judge, claim to take cognizance of, and proceed to adjudicate on, the matter of said settlement. Hereof you will see that you fail not, at your peril.

In testimony whereof, &c.

On the 20th of February, 1840, the probate judge returned that he had obeyed the writ; and Hawkins filed his plea to the return, denying its truth, and averring, that after the mandamus was served, More, as probate judge, had committed him for contempt in not obeying the citation. After which, and on the 12th of May, the counsel of More moved to quash the writ.

TRAPNALL and COCKE, for the motion:

PIKE, *Contra:*

DICKINSON, J., delivered the opinion of the court:

The order of the Court was, that "he certify the matter of the settlement of the administration of the estate of Alexander Burton, deceased, with the will annexed, to the Governor of this State, as a case pending for adjudication in said court of probate, in which he is alleged to have been of counsel for the said administration, on the part of the administrator thereof; and that he desist from proceeding to adjudicate upon the matter of the said estate; or that he show cause," &c. The command of the writ is, "that you utterly desist from any further proceeding against said Hawkins upon said citation, and from any further proceedings in regard to the matter of the settlement of said estate." A return was made, to which the plaintiff filed his plea. The defendant then moved to quash the writ, because it does not conform to the order of the Court upon which it issued. If the writ is defective in substance, the motion may be sustained. *Rex vs. Bishop of Oxford,* 7 *East.,* 345; *The People vs. The Judges of Westchester,* 4 *Cowen,* 73. The only question is, whether the motion can be made after a return. In the case of *The King vs. the Mayor of York,* 5 *T. R.,* 74, Lord KENYON and Justice BULLER said, "It was too late to take objection to the writ after a return thereto." This is, however, the only case which we have succeeded in finding, that limits the right to object previous to the return. All the other authorities show, that the motion will lie for any defect in substance after the return has been made. And in the case of *T. e King vs. The City of Chester,* Holt R., 438, the return was considered insufficient, and the writ, being found bad, was quashed. See, also, in the case of *The King vs. The College of Physicians,* 5 *Burr.,* 2740, the mandamus was quashed after the return was made. The same decision was made in the case of *The King vs. The Margate Pier Company,* 3 *B. & A.,* 221. And Chancellor Walworth held the same doctrine, in the case of *The Commercial Bank of Albany vs. Canal Commissioners,* 10 *Wend. R.,* 25. And these decisions are, in our opinion, sustained by reason and justice;

Hawkins *against* More.

for it is presumed that all the material facts on which the relator founded his claim, are set out in the writ, in accordance with the order of the Court by which it is issued.

It is from the writ only that he can learn the commands of the Court, and what he is required to do. Great strictness is at all times required in the issuing of this writ. It must not be enlarged, nor can it be limited within narrower bounds than the Court directs. A variance in substance, changing its character as to the act required to be done, will be fatal. The writ shows the grounds of the complaint. The command to desist from proceeding in the settlement of the administration, is one thing; and rights inserted in the writ to desist from further proceeding upon the *citation*, is another, and wholly different and distinct, for which the Court made no order. If the writ can ex·end at all beyond the order granting it, so as to include other matters, the right involved could, at the will of the party, be made to depend upon a state of facts never presented to· or contemplated by the Court, and upon which, if exhibited, the writ might have been refused, and the original grounds upon which the Court acted in awarding it, &c., wholly lost sight of, and a determination had upon a collateral question, different from the one upon which the Court passed in awarding the writ. So, if it can be entered, upon the same rule, the writ might be more limited in its terms, and in effect thereby not present the whole subject matter as intended to be acted upon by the Court, who is presumed, from a view of the whole state of facts, to have framed the order, and directed the performance of an act, in such a manner as may best effect the object in view, and answer the purposes of justice. It is for the plaintiff to see that his writ is properly issued, and that it conforms to the order of the Court. He cannot complain, if, when he departs from the authority under which he acts, his writ should be quashed and set aside. The writ, in this case, was clearly wrong in commanding the defendant to desist from further proceeding upon the citation, and must therefore be quashed, with costs.